**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TONY R. GROSS,**

        **Petitioner,**

    vs.                                    **Civil Action 2:15-cv-2742**
                                              **Judge Smith**
                                              **Magistrate Judge King**

**WARDEN, TOLEDO CORRECTIONAL**
**INSTITUTION,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to challenge his 1996 convictions in the Muskingum County Court of Common Pleas on counts of aggravated murder of a police officer, felony murder, murder to escape detention for another offense, aggravated robbery, and having a weapon under a disability.  This is Petitioner's second challenge in this Court to those convictions. Petitioner's first habeas corpus action, *Gross v. Warden LCI*, 2:06-cv-0072, was dismissed as procedurally defaulted or without merit.  *Id., Judgment* (S.D. Ohio Oct. 22, 2008). That judgment was affirmed on appeal, *Gross v. Warden, Lebanon Correctional Institution*, Case No. 08-4727 (6th Cir. Apr. 27, 2011). In this action, Petitioner asks for leave to either supplement the claims asserted in the earlier action or to file a new action.

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the

appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997):

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

The Sixth Circuit, in turn, will issue this certification only if the petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

Petitioner's earlier federal challenge to his convictions is the subject of a final judgment and is no longer pending. Because Petitioner's earlier case was dismissed on the merits or because of procedural default, the *Petition* filed in this case is a second or successive petition within the meaning of 28 U.S.C. § 2244. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000)("[W]e hold that because his

initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits,' Cook's current application is a 'second or successive habeas corpus application' under § 2254(b). . . .").

This Court therefore lacks jurisdiction to entertain Petitioner's new claims absent authorization by the United States Court of Appeals for the Sixth Circuit.

It is therefore **RECOMMENDED** that the *Petition* be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976,

984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


August 24, 2015                          *s/Norah McCann King*
 (Date)                                   Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge