IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TONY R. GROSS,**

    **Petitioner,**

    v.

**WARDEN, TOLEDO CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 2:15-cv-02742**
**JUDGE SMITH**
**Magistrate Judge King**

## ORDER

On August 24, 2015, the Magistrate Judge recommended that this matter be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). *Report and Recommendation,* ECF 3. This matter is now before the Court on Petitioner's objection to that recommendation. *Objection,* ECF 5. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.

Petitioner seeks to challenge his 1996 convictions in the Muskingum County Court of Common Pleas. Petitioner specifically complains that the West County Court of Muskingum County failed to transmit the record of his July 12, 1994, initial appearance until December 17, 2014. *Motion for Leave of Court to File. . . Supplemental 28 U.S.C. § 2254 Habeas Corpus Petition or Alternately Leave to File a New U.S.C. 2254 Habeas Corpus Petition,* ECF 2; *Objection,* ECF 5. The Magistrate Judge recommended that this action be transferred to the United States Court of Appeals for the Sixth Circuit because this is Petitioner's second habeas action challenging his 1996 convictions. *See Gross v. Warden, LCI*, 2:06-cv-0072 (S.D. Ohio Oct. 22, 2008).

Petitioner objects and argues that, because the facts underlying his current claim only recently became known, it is fundamentally unfair to require him to obtain authorization for the filing of a successive petition from the Court of Appeals. *Objections,* PageID# 50.

However, Petitioner challenges the same underlying convictions that he did in his previous habeas corpus petition. That action was dismissed as procedurally defaulted or without merit, and the United States Court of Appeals affirmed the judgment of this Court. *Gross v. Warden, Lebanon Correctional Institution*, Case No. 08-4727 (6th Cir. Apr. 27, 2011). This action therefore constitutes a second habeas corpus petition and, unless the Sixth Circuit grants authorization to do so, Petitioner can no longer supplement his first federal habeas corpus petition in order to file additional claims challenging the same convictions.

Petitioner refers to *In re Jones*, 652 F.3d 603 (6th Cir. 2010), in support of his argument. However, that case does not apply. *In re Jones* involved a petitioner's challenge to amendments to Michigan's parole system which, he alleged, subjected him to a violation of the Ex Post Facto Clause. *Id.* at 604. Jones's ex post facto claim was not ripe at the time of his initial habeas corpus petition, because the events giving rise to that claim had not yet taken place. *Id.* at 605. Here, on the other hand, the events giving rise to Petitioner's new claim – *i.e.,* alleged defects in the County Court proceedings - had already taken place at the time Petitioner filed his first habeas corpus action under 28 U.S.C. § 2254. Under these circumstances, Petitioner must meet the requirements of 28 U.S.C. § 2244(b)(2) before he may pursue additional claims in this Court challenging his 1996 convictions.

Therefore, Petitioner's *Objection,* ECF 5, is **OVERRULED.** The *Report and Recommendation,* ECF 3, is **ADOPTED** and **AFFIRMED**. This action is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**